# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs July 19, 2016

## STATE OF TENNESSEE v. DANNIE BRUMFIELD

**Appeal from the Circuit Court for Rutherford County**
**Nos. F-73075, F-72444, F-71940, M-71976, M-72273, M-73908**
**David M. Bragg, Judge**

---

**No. M2015-01940-CCA-R3-CD – Filed August 10, 2016**

---

The Defendant, Dannie Brumfield, appeals as of right from the Rutherford County Circuit Court's revocation of his probation and order of confinement for six years. The Defendant contends that the trial court abused its discretion in revoking his probation and ordering him to serve two additional sentences concurrently with the remainder of his original sentence. Following our review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and TIMOTHY L. EASTER, JJ., joined.

Thomas D. Frost, Murfreesboro, Tennessee, for the appellant, Dannie Brumfield.

Herbert H. Slatery III, Attorney General and Reporter; Benjamin A. Ball, Senior Counsel; Jennings Hutson Jones, District Attorney General; and Shawn Puckett, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION
## FACTUAL BACKGROUND

On August 20, 2014, the Defendant pled guilty in case number F-71940, to one count of possession of a Schedule III drug, third offense, and one count of driving on a suspended license. On that same day he pled guilty to one count of driving on a suspended license in case number M-71976. The Defendant received an effective sentence of two years and eleven months and twenty-nine days on probation for these charges. In addition, the trial court entered an order in case number M-72273 declaring the Defendant to be a motor vehicle habitual offender. Two days later, on August 22, 2014, the Defendant was arrested for theft of property valued at $500 or less and criminal trespass. On September 12, 2014, the Defendant was arrested for driving on a suspended

license and violating the motor vehicle habitual offender statute. A probation violation report was filed based on these two arrests, and a warrant was issued.

On December 15, 2014, the Defendant pled guilty in case number F-72444 to sale of a Schedule II drug and received a six-year probationary sentence, to be served concurrently with the sentences imposed in cases F-71940 and M-71976, resulting in an effective six-year sentence for all cases. The following month, on January 7, 2015, the Defendant was indicted in case number F-73075 for those crimes alleged to have occurred in September 2014—driving on a suspended license and violating the motor vehicle habitual offender statute. The Defendant pled guilty to violating the motor vehicle habitual offender statute in case F-73075 on June 26, 2015, and received a two-year sentence with the manner of service to be determined at a later hearing. The remaining count was dismissed.

On June 12, 2015, a probation violation report was filed with the trial court. This report alleged that the Defendant violated the conditions of his sentences in the following respects: "Rule #1: On 04/20/2015, Murfreesboro PD arrested Offender for Theft < $500, Resisting Arrest, and Criminal Trespassing" and "Rule #8: On 05/27/2015, Offender tested positive for [c]ocaine and [o]piates in a random drug screen." On July 1, 2015, a violation of probation warrant was issued. The Defendant was indicted on July 7, 2015, case number M-73908, for theft of property valued at $500 or less, resisting arrest, and trespassing, the alleged crimes documented in the probation violation report occurring on April 20, 2015. Upon his failure to appear for a probation revocation hearing, a capias was issued.

The trial court held a combined hearing to address sentencing for case M-73075 and the probation revocation on cases F-71940, F-72444, and M-71976 on September 4, 2015. Murfreesboro Police Department Officer Tim Higgins testified that, on April 20, 2015, he came into contact with the Defendant. On that date, Officer Higgins was working an off-duty job at a Kroger on Middle Tennessee Boulevard in Rutherford County. Officer Higgins observed the Defendant take packs of bacon and make his way toward the store's main entrance. Officer Higgins testified that when he intercepted the Defendant, "I even told [Defendant] what his name was, because I had arrested him a couple of other times. [I] told him he had to come back inside with me, he had a couple of packs of meat on him." The Defendant resisted Officer Higgins's request and was placed on the ground and handcuffed. When Officer Higgins placed the Defendant in handcuffs, the packs of meat "just fell out while [he] had ahold of [the Defendant's] arms." Officer Higgins testified that "[the Defendant] was not supposed to be on Kroger property," having been arrested for shoplifting on prior occasions.

Reswavvy Spinks, a State Probation and Parole Officer, testified that he was the Defendant's probation officer and had asked the court for a violation warrant. Mr. Spinks stated that the basis for this warrant was the Defendant's "being arrested for theft under $500, resisting arrest, criminal trespassing, and testing positive for cocaine and opiates in a random drug screening." Mr. Spinks testified that the Defendant did not inform him of this new arrest.

The Defendant testified that he had some health difficulties, including Type II diabetes and congestive heart failure, and that he had been without a job for five years. The Defendant stated that he received a government disability payment that was his only source of income and that this payment would stop immediately upon incarceration. The Defendant testified, "[I]n the past I have did [sic] a lot of things that brought me here, and I regret it. And for my medical – you know, my medical condition is deteriorating." On cross-examination, the Defendant agreed that he had been in and out of jail for the past five years. In addition, when asked about his May 2015 drug screen, the Defendant acknowledged that he used cocaine "to relieve [his] pain."

After finding that the Defendant had "violated his probation by failing to comply with the rules of probation by his drug use" and by continuing "a pattern of criminal behavior," the trial court ordered that the Defendant serve the remainder of his six-year sentence in confinement. The Defendant was sentenced to a term of two years for case F-73075—violating the motor vehicle offender statute—and to a term of 11 months and twenty-nine days for case M-73908— theft of property valued at $500 or less—with each to run concurrently with the prior convictions, resulting in an effective six-year sentence to be served in confinement on all cases. The Defendant timely appeals.

## ANALYSIS

The Defendant contends that the trial court abused its discretion in finding that he violated his probation and sentencing him to serve two years and eleven months and twenty-nine days concurrently with his prior sentences in confinement. The Defendant argues that due to his age of sixty-four years, his Type II diabetes, his congestive heart failure, his extensive list of medications, and his only source of income will be terminated by incarceration, serving this sentence under probation would be more reasonable. The State responds that the trial court properly "determined that the defendant violated the terms of his probation – specifically by using cocaine and opiates and incurring new charges." Therefore, the State concludes that the trial court acted within its discretion in revoking the Defendant's probation in cases F-71940, F-72444, and M-71976, and ordering his effective six-year sentence to be served in confinement.

First, to the extent that the Defendant attempts to challenge his effective two-year sentence in case numbers F-73075 and M-73908 to be served in confinement, we note that he has waived review of this issue due to inadequacies in his brief. Although included in his statement of the issue presented for review, he provided no citations to authorities or argument relevant to that issue, and the brevity of his argument qualifies it for waiver. Tenn. R. App. P. 27(a); see also Tenn. R. Crim. P. 10(b) ("Issues which are not supported by argument… will be treated as waived in this court."). Next, we consider whether the trial court abused its discretion when revoking his probationary sentence .

A trial court may revoke a sentence of probation upon finding by a preponderance of the evidence that the defendant has violated the conditions of his release. Tenn. Code Ann. § 40-35-311(e). Upon finding by a preponderance of the evidence that a defendant has violated the conditions of his release, the trial court "shall have the right . . . to revoke the probation and suspension of sentence" and either "commence the execution of the judgment as originally entered" or "[r]esentence the defendant for the remainder of the unexpired term to any community-based alternative to incarceration." Tenn. Code Ann. § 40-35-311(e). In a probation revocation hearing, the credibility of the witnesses is determined by the trial court. State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991).

Furthermore, the decision to revoke probation is in the sound discretion of the trial judge. State v. Kendrick, 178 S.W.3d 734, 738 (Tenn. Crim. App. 2005); Mitchell, 810 S.W.2d at 735. The judgment of the trial court to revoke probation will be upheld on appeal unless there has been an abuse of discretion. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). To find an abuse of discretion in a probation revocation case, "it must be established that the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred." Id. (citing State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978); State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980)); see also State v. Farrar, 355 S.W.3d 582, 586 (Tenn. Crim. App. 2011). Such a finding "'reflects that the trial court's logic and reasoning was improper when viewed in light of the factual circumstances and relevant legal principles involved in a particular case.'" State v. Shaffer, 45 S.W.3d 553, 555 (Tenn. 2001) (quoting State v. Moore, 6 S.W.3d 235, 242 (Tenn. 1999)).

Criminal conduct that is the basis of pending charges may serve as the basis for a revocation of probation. State v. Andrew B. Edwards, No. W1999-01095-CCA-R3-CD, 2000 WL 705309, at *3 (Tenn. Crim. App. May 26, 2000). However, the trial court cannot rely solely on the mere fact of an arrest or an indictment. Id. (citing Harkins, 811 S.W.2d at 83). Instead, the State must offer proof by a preponderance of the evidence showing that a defendant violated the law. See State v. Catherin Vaughn, No. M2009-

01166-CCA-R3-CD, 2010 WL 2432008, at *3 (Tenn. Crim. App. June 14, 2010) (noting that proof of a conviction is not necessary).

In rendering its decision to revoke the Defendant's probation and ordering a period of incarceration, the trial court concluded that the Defendant violated the terms of his probation "by failing to comply with the rules of probation by his drug use" and "also continu[ing] a pattern of criminal behavior." In terms of the Defendant's health, the court stated: "based on [the Defendant's] record, he is unable to comport his behavior in spite of his health," and "the [c]ourt is unaware of any statutory or case authority that says people with severe medical conditions who continually violate the law should be continually placed back into the community."

Officer Higgins' testimony established the Defendant violated the law. Mr. Spinks requested a warrant upon the failed drug test. The trial court was within its discretion to determine that the Defendant violated the conditions of his probation by a preponderance of the evidence. This court has repeatedly held that "an accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing." State v. Jeffrey A. Warfield, No. 01C01-9711-CC-00504, 1999 WL 61065, at *2 (Tenn. Crim. App. Feb. 10, 1999); see also State v. Timothy A. Johnson, No. M2001-01362-CCA-R3-CD, 2002 WL 242351, at *2 (Tenn. Crim. App. Feb. 11, 2002). It was within the trial court's authority to order the Defendant to serve his previously imposed six-year sentence in confinement upon revoking the Defendant's probation. See Tenn. Code Ann. §§ 40-35-310, -311(e); Mitchell, 810 S.W.2d at 735. We conclude that the trial court did not abuse its discretion in sentencing the Defendant to serve his sentence in confinement following the revocation of his probation.

## CONCLUSION

Upon consideration of the foregoing and the record as a whole, the judgments of the trial court are affirmed.

_____
D. KELLY THOMAS, JR., JUDGE